UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL VIDEAU** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-4774** |
| **DARREL VANNOY, WARDEN** | **SECTION: "F"(3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Michael Videau, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola Louisiana. On May 3, 2012, Videau was indicted in the Parish of Jefferson for two counts of aggravated rape (counts one and four), one count of aggravated oral sexual battery of a juvenile under the age of twelve (count two), one count of molestation of a juvenile (count three), one count of indecent behavior with a juvenile by a lewd or lascivious act upon or in the presence of a juvenile (count five), one count of sexual battery upon a juvenile under the age of thirteen (count six), and one count of sexual battery upon a juvenile under the age of thirteen (count seven).[1] Videau was tried before a jury on January 8, 9 and 10, 2013, and was found guilty

---

[1] State Rec. Vol. 5 of 9, Bill of Indictment, 5/3/12.

of the lesser offense of sexual battery as to count one and guilty as charged on counts two through seven.[2] Videau's motion for new trial was denied.[3] The court sentenced Videau to ten years as to count one, twenty years as to count two, fifteen years as to count three, life imprisonment as to count four, twenty-five years as to count five, and ninety-nine years as to counts six and seven, each sentence to be served at hard labor and concurrently, and the sentence as to count four to be served without the benefit of parole or suspension of sentence.[4]

Videau filed a counseled direct appeal to the Louisiana Fifth Circuit.[5] Videau filed a pro se supplemental brief.[6] The court affirmed petitioner's convictions on December 27, 2013, but remanded the matter to the trial court for purposes of providing Videau with written notice of his sex offender notification and registration requirements and the prescriptive period for seeking post-conviction relief.[7] In January 2014, Videau filed a letter with the Louisiana Supreme Court seeking an extension of time in which to file a writ.[8] There is no order in the record granting an extension of time, and despite Videau's allegation he filed a brief with the Louisiana Supreme Court, the state court record does not include a copy of a brief.[9] The Louisiana Supreme Court issued an order on September 12, 2014, simply stating "Denied."[10] Videau did not file a writ application with the United States Supreme Court.

---

[2] State Rec. Vol. 5 of 9, Jury Verdict, 1/10/13; Minutes, 1/8/13; Minutes, 1/9/13; Minutes, 1/10/13; State Rec. Vol. 1 of 9, Trial Transcript, 1/8/13; State Rec. Vol 2 of 9, Trial Transcript, 1/9/13; State Rec. Vol. 3 of 9, Trial Transcript, 1/10/13; State Rec. Vol. 4 of 9, Trial Transcript (con't), 1/10/13.
[3] State Rec. Vol. 5 of 9, Motion for New Trial, 1/30/13; Sentencing Minutes, 2/4/13.
[4] State. Rec. Vol. 5 of 9, Sentencing Minutes, 2/4/13.
[5] The state court record does not include a copy of Videau's counseled appellate brief.
[6] State Rec. Vol. 6 of 9, Supplemental Brief, 12-KA-0129, 9/20/13 (signed 9/9/13).
[7] State v. Videau, 131 So.3d 1070 (La. App. 5th Cir. 2013); State Rec. Vol. 6 of 9.
[8] State Rec. Vol. 8 of 9, Letter Seeking an Extension of Time to File Writ, 14 KO 212, 1/31/14 (signed 1/17/14).
[9] Rec. Doc. 16-1, p. 2.
[10] State v. Videau, 160 So.3d 965 (La. 2014) (mem.); State Rec. Vol. 8 of 9.

On December 1, 2015, Videau filed an application for post-conviction relief and supporting memorandum with the state district court.[11] The state trial court denied petitioner's application finding petitioner's claims to be without merit, procedurally barred, or previously addressed on direct appeal.[12] Videau filed a traverse on February 3, 2016.[13] The state district court denied the claims on February 18, 2016.[14] The court allowed petitioner until March 26, 2016 by which to file a writ application with the Louisiana Fifth Circuit.[15]

The Louisiana Fifth Circuit Court of Appeal denied petitioner's application for supervisory writ on April 19, 2016.[16] The Louisiana Supreme Court denied petitioner's application for review finding "no error in the lower court rulings."[17]

On May 7, 2018, Videau filed the instant federal application seeking habeas corpus relief.[18] The state has filed a response arguing that the application is untimely and that it is also a mixed petition.[19] The state did not address the merits of the claims. Petitioner has filed a reply to the state's response in which he attempts to refute the state's argument.[20] For the following reasons, the undersigned finds that petitioner's federal application was in fact untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

---

[11] State Rec. Vol. 6 of 9, Application for Post-Conviction Relief, undated; Memorandum Support Application for Post Conviction, 12/7/15 (signed 12/1/15).
[12] State Rec. Vol. 6 of 9, Trial Court Order, 1/28/16.
[13] State Rec. Vol. 6 of 9, Traverse, 2/5/16 (postmarked 2/3/16).
[14] State Rec. Vol. 6 of 9, Trial Court Order, 2/18/16.
[15] State Rec. Vol. 6 of 9, Trial Court Order, 2/26/2016.
[16] State Rec. Vol. 7 of 9, 5th Cir. Order, 16-KH-138, 4/19/16; Application for Writ, 16-KH-138 (signed 2/28/16).
[17] State ex rel. Videau v. State, 227 So.3d 800 (La. 2017) (per curiam); State Rec. Vol. 9 of 9.
[18] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has declared under penalty of perjury that his federal application was placed in the prison mailing system on May 7, 2018. Rec. Doc. 4, p. 15
[19] Rec. Doc. 7.
[20] Rec. Doc. 11.

underlying criminal judgment becomes "final."  28 U.S.C. § 2244(d)(1)(A).  On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).  However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."  Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review.  See Foreman, 383 F.3d at 338-39.  As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal.  See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.  Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's convictions and sentences on December 27, 2013.  Accordingly, he had only until Monday January 27, 2014,[21] to file a Louisiana Supreme Court writ application seeking further direct review.  The record demonstrates that Videau sent a letter seeking to the Louisiana Supreme Court requesting a thirty-day extension of time to file a writ application.  The state argues that it confirmed with both the Louisiana Supreme Court Records Department as well as the Louisiana Supreme Court's Clerk's

---

[21] Because January 26, 2014, fell on a Sunday, petitioner's deadline was extended through the following Monday, January 27, 2014.  See La. Code Crim. P. art. 13; La. Rev. Stat. § 1:55.

4

Office that Videau did not submit any further filings.[22]  It continues that Videau never filed a writ application, only an improper extension of time, and the Louisiana Supreme Court's September 12, 2014 order was a denial of the request for extension of time.  The state therefore argues that Videau's conviction would have become final on January 27, 2014, which was thirty (30) days after the Louisiana Fifth Circuit's ruling.  See Butler v. Cain, 533 F.3d 314 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)).  An untimely filing in the Louisiana Supreme Court would not be part of a proper finality calculation or offer a statutory tolling benefit.  Id.

The record reflects that twenty-one days after the Louisiana Fifth Circuit denial of his direct appeal, on January 17, 2014, Videau signed and submitted a written request for an extension of time to file a writ application with the Louisiana Supreme Court.[23]  The Louisiana Supreme Court does not ordinarily grant extensions.  See Butler, 533 F.3d at 319 ("A Louisiana Supreme Court rule requires that an 'application seeking to review a judgment of the court of appeals,' must be filed within thirty days; it specifies that '[n]o extension of time therefor will be granted.' La. Sup. Ct. R. X, § 5(a). While another section of the Rule – Section 5(b) – allows the Supreme Court to extend the time for filings ... 'upon proper showing,' that applies to narrow categories of applications ....").  However, a letter from the clerk of the Louisiana Supreme Court dated January 31, 2014, reflects that Videau's pleading in fact was "received and filed" and assigned a case number "on the Docket of this Court."[24]  Contrary to the state's assertions, Videau's pleading was

---

[22] Rec. Doc. 13, pp. 3 n. 4, 20.
[23] State Rec. Vol. 8 of 9, Letter Seeking an Extension of Time to File Writ, 14 KO 212, 1/31/14 (signed 1/17/14).
[24] State Rec. Vol. 8 of 9, La. S. Ct. Letter, 2014-KO-212, 1/31/14.

5

not ignored and instead appears to have been treated as a timely filed writ application despite the fact that he apparently never filed a brief in support of his construed application.

As a result, Videau's conviction became final for AEDPA purposes on December 12, 2014, which was ninety (90) days after the Louisiana Supreme Court denied his related writ application, and his federal limitations period commenced on that date. That limitations period then expired one year later on December 11, 2015, unless that period was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

After three hundred fifty-five (355) days elapsed, petitioner tolled his federal limitations period by filing a post-conviction application with the state district court on December 1, 2015. Tolling then continued uninterrupted for the duration of the post-conviction proceedings, so long as he sought supervisory review in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004). For the purposes of this decision, the Court will assume that statutory tolling therefore continued until October 9, 2017, the date on which the Louisiana Supreme Court denied petitioner's related writ application.[25]

When the limitations period then resumed running at that point, Videau had ten days remaining. According, he had until October 19, 2017, either to again toll the limitations period or to file his federal application.

---

[25] State ex rel. Videau v. State, 227 So.3d 800 (La. 2017) (per curiam); State Rec. Vol. 9 of 9. A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

Petitioner filed no other applications for "State post-conviction or other collateral review." Therefore, he clearly is not entitled to further statutory tolling.

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court has held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' " Id. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

A petitioner therefore faces a daunting burden to present a credible "actual innocence" claim. Specifically, the United States Supreme Court has explained: "To be credible, such a claim

requires petitioner to support his allegations of constitutional error with new reliable evidence – *whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence* – that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup v. Delo, 513 U.S. 298, 324 (1995) (emphasis added).  Here, Videau presents no "new" evidence whatsoever showing that he is factually innocent of the crimes of which he stands convicted, much less any evidence of the type or caliber referenced in Schlup.  Therefore, he has not met "the threshold requirement" for McQuiggin to apply, i.e. a showing that "in light of the new evidence, *no juror*, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' " McQuiggin, 133 S. Ct. at 1928 (quoting Schlup, 513 U.S. at 329; emphasis added).  Accordingly, McQuiggin does not aid him.

Because petitioner is not entitled to further statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for habeas corpus relief had to be filed no later than October 19, 2017, in order to be timely.  His federal application was not filed until May 7, 2018, and, therefore, it is untimely.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Michael Videau be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[26]

New Orleans, Louisiana, this twenty-eighth day of May, 2019.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.